# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gislane dos Santos Matheus, | No. CV-25-04688-PHX-DJH (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner Gislane dos Santos Matheus filed a Petition for Writ of Habeas Corpus Under § 2241.[1] (Doc. 1.) The Court will require an expedited answer to the Petition.

**I.   Background**

Petitioner is a citizen of Brazil who entered the United States on May 25, 2022 without inspection. (Doc. 1 ¶ 1.) Petitioner alleges she was arrested on August 27, 2025 for grand theft and "other crimes" at an Amazon warehouse but no charges have been filed against her. (*Id.* ¶ 4.) On October 8, 2025, Petitioner was ordered released on her own recognizance in the pending criminal case and was placed on an ICE hold.[2] (*Id.* ¶ 5.) Petitioner was thereafter transferred to immigration detention on or around October 20,

---

[1] Petitioner names the Warden of the Eloy Detention Center, Immigrations and Customs Enforcement ("ICE") Director Phoenix Field Office Director; ICE Acting Director Toddy Lyons; and Department of Homeland Security ("DHS") Secretary Kristi Noem as Respondents.

[2] Petitioner alleges that according to the Immigration and Nationality Act 287(g) Agreement between ICE and the Florida Orange County Corrections Department, a "noncitizen may remain in the Law Enforcement Agency (LEA) jail or correctional facility for up to 48 hours." Petitioner alleges she was taken outside the local detention facility multiple times to circumvent the 48-hour clock. Petitioner does not name any officer who allegedly rebooked her to manipulate the ICE hold guidelines.

2025. (*Id.* ¶ 10.) Petitioner alleges the Laken Riley Act, enacted in early 2025, expands the scope of individuals subject to mandatory detention under 8 U.S.C. § 1226(c) to include individuals arrested or charged with certain crimes and not simply convicted of certain crimes. Petitioner alleges her detention is unlawful because her arrest does not afford her any process before being subject to mandatory detention under 1226(c). (*Id.* ¶ 29.) Based on these facts, Petitioner presents three claims for relief. She alleges her detention violates the Fifth Amendment, 8 U.S.C. § 1226, and the declaratory judgment entered in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). Petitioner seeks release from custody or a bond hearing under § 1226(a).

The Court will require Respondents to answer the Petition on an expedited basis.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov; and Theo Nickerson at theo.nickerson2@usdoj.gov.

(4) Respondents must respond the Petition no later than **January 16, 2026**. Petitioner may file a reply no later than **January 20, 2026**.

Dated this 9th day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -