IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gislane dos Santos Matheus, | No. CV-25-04688-PHX-DJH (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention. (Doc. 1.)  The Court ordered an expedited response to the Petition. (Doc. 3.)  After ordering supplemental briefing (Doc. 10), Respondents failed to respond to the Court's Order.  Petitioner has filed a Motion for Expedited Ruling (Doc. 12), based on Respondents' failure to comply with the Court's Order.  The Court will grant the Petition and deny the Motion for Expedited Ruling as moot.

Petitioner is a citizen of Brazil who entered the United States on May 25, 2022 without inspection. (Doc. 1 ¶ 1.)  Petitioner challenged the application of the Laken Riley Act, enacted in early 2025, which expanded the scope of individuals subject to mandatory detention under 8 U.S.C. § 1226(c) to include individuals arrested or charged with certain crimes and not simply convicted of certain crimes.  Petitioner was arrested for "grand theft and other crimes" but, at the time of filing her Petition, had not yet been charged.  (*Id.* ¶ 29.)  Petitioner supplemented her reply to allege "subsequent to the filing of Respondents' Response, the criminal charges underlying Petitioner's arrest were dismissed in their

entirety.  Detention based solely on an unadjudicated arrest, particularly where the charges have been dismissed[,] without a bond hearing or individualized assessment, violates the Due Process Clause of the Fifth Amendment." (Doc. 9-1 at 5.)  The Court directed Respondents to address Petitioner's new allegations and explain how mandatory immigration detention stemming from an arrest and subsequent declination of charges provides due process to a petitioner. (Doc. 10.)  Respondents did not file the directed response.  The Court therefore finds Respondents have waived any challenge to Petitioner's claim. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

In addition, to avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is currently charged with or arrested for the enumerated crimes[.]" *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).  Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." *Id.*  The Court will therefore grant Petitioner's petition and order her release if she is not provided a bond redetermination hearing.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion for Expedited Ruling (Doc. 12) is **denied as moot**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

3. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release her from custody under the same conditions that existed before her detention.

4. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing her a bond hearing.

5. Any pending motions are denied as moot and the Clerk of Court shall enter

judgment in Petitioner's favor and close this case.

Dated this 17th day of March, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge